## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORIANN MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CAPITAL ACCOUNTS, LLC,<br><br>Defendant. | Civil Case Number:<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff LORIANN MILLER (hereinafter, "Plaintiff"), a New Jersey resident, brings this amended class action complaint by and through the undersigned attorneys, against Defendant CAPITAL ACCOUNTS, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

1

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using false, deceptive, and misleading representation or means in connection with the collection of an alleged debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.  Defendant is a collection agency with its principal place of business located at 4107 Mallory Lane, Suite 302, Franklin, Tennessee 37067.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to November 5, 2020, an obligation was allegedly incurred to KIDDIE ACADEMY CHILD CARE LRNG.

14. The KIDDIE ACADEMY CHILD CARE LRNG obligation arose out of a personal loan taken out by Plaintiff, which was taken out and used for personal, family and household purposes.

15. The alleged KIDDIE ACADEMY CHILD CARE LRNG obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. KIDDIE ACADEMY CHILD CARE LRNG is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Defendant contends that the KIDDIE ACADEMY CHILD CARE LRNG debt is past due.

18. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes

3

on behalf of creditors.

19. KIDDIE ACADEMY CHILD CARE LRNG directly or through an intermediary contracted the Defendant to collect the alleged debt.

20. On or about November 5, 2020, the Defendant caused to be delivered to the Plaintiff an email in an attempt to collect the alleged KIDDIE ACADEMY CHILD CARE LRNG debt. *See* **Exhibit A.**

21. The November 5, 2020 email was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The November 5, 2020 email is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Plaintiff received and read the email.

24. The Letter stated in part:

> "Balance: $1130 – Settle for: $1017.00"

25. The Letter further stated:

> "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection."

26. Upon information and belief, no interest or other charges were intended to be added after the date of the Letter.

27. The Plaintiff, as would any least sophisticated consumer read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually incur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV.  4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011)

(finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

28. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt sooner, or risk owing a higher amount.

29. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

30. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

31. The Class consists of: a) All consumers with addresses in the State of New Jersey b) who were sent a collection letter or email from the Defendant c) attempting to collect a consumer debt owed to KIDDIE ACADEMY CHILD CARE LRNG, d) that states "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment" (e) when no interest or other charges were added or intended to be added (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

33. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. The Defendant violated said section in its letter to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Falsely representing the amount of the alleged debt in violation of 1692e(2)(A);

   c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory

damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. § 1692g, a debt collector must within five days of the initial communication notify the consumer of his or her validation rights.

48. The Defendant violated said section in its letter to the Plaintiff by failing to accurately state the amount of the debt in violation of 1692g(a)(1).

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY·

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)    Awarding pre-judgment interest and post-judgment interest; and

      (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 4, 2020

          By:    /s/ Yitzchak Zelman

              Yitzchak Zelman, Esq.
              MARCUS ZELMAN, LLC
              701 Cookman Avenue, Suite 300
              Asbury Park, New Jersey 07712
              Phone: (732) 695-3282
              Facsimile: (732) 298-6256
              Email: yzelman@marcuszelman.com
              *Attorneys for Plaintiff*